UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE ALMEDA,

      Petitioner,

-vs-                                   **Case No.  8:09-CV-66-T-27MAP**

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER

This matter comes before the Court upon review of Petitioner's Renewed Application for Certificate of Appealability (Dkt. 60). For the reasons set forth in this Order, Petitioner's application is DENIED.

### Background

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1) challenging his 2002 no-contest plea to one count of lewd and lascivious battery, for which he was sentenced to two years of community control, followed by six years of sex offender probation, and the 2003 revocation of his community control, for which he was sentenced to ten years' imprisonment. The petition raised eleven grounds for relief (Id.). Grounds One through Six challenged the original plea and order of community control, and Grounds Seven through Eleven challenged the revocation of community control (Id.).

On September 13, 2012, the Court issued an Order dismissing Grounds Seven through Eleven as moot because Petitioner's prison sentence for his community control violation had expired (Dkt. 40 at pp. 8-11). Additionally, the Court determined that Grounds One through Six were time-barred (Id. at pp. 3-8). The Court, however, did not (at that time) dismiss Grounds One through Six as untimely because Grounds Seven through Eleven were timely, and it was unclear whether circuit

precedent allowed the Court to assess timeliness on a claim-by-claim basis (Id.). Rather, the Court stayed this action until the final disposition of *Zack v. Tucker*, 678 F. 3d 1208 (11ᵗʰ Cir. 2012), which involved an issue with direct bearing on whether Grounds One through Six were time-barred (Id.).

The *en banc* decision in *Zack* held that the statute of limitations for habeas petitions applies on a claim-by-claim basis. *Zack v. Tucker*, 704 F. 3d 917 (11ᵗʰ Cir.) (*en banc*), *cert. denied*, 134 S. Ct. 156 (2013)). Therefore, the Court reopened this action (Dkt. 42), and subsequently issued a final amended order denying Grounds One through Six of the petition on the grounds that (1) the claims were time-barred, (2) the claims were procedurally barred, (3) Petitioner waived Grounds Two through Six by entering a knowing and voluntary plea of no contest, and (4) Ground One failed on the merits (Dkt. 46). The Court granted Petitioner a certificate of appealability (COA) on the issue of "whether Grounds One through Six are time barred, specifically, whether the AEDPA one year limitation period began to run when Petitioner's original conviction became final or whether, applying *Ferreira v. Secretary, Department of Corrections*, 494 F.3d 1286 (11th Cir. 2007), the limitation period began to run when his community control was revoked and he was sentenced to prison." (Id. at pp. 10-11).

Petitioner appealed (Dkt. 48). During the appeal, the State moved the Eleventh Circuit Court of Appeals to vacate this Court's final amended order to the extent that this Court granted Petitioner a COA (Dkt. 52 at docket pp. 2-3). The Eleventh Circuit granted the State's motion, vacated the COA as "improvidently granted," and remanded the case for this Court to determine (if Petitioner submitted a "reapplication" for a COA) "(1) whether reasonable jurists would find it debatable whether the court was correct in its procedural ruling, and (2) what claims, if any, in [Petitioner's] § 2254 petition stated a valid claim of the denial of a constitutional right." (Id. at docket p. 4). Petitioner thereafter filed his Renewed Application for Certificate of Appealability (Dkt. 60).

## Discussion

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district

court's denial of his petition. 28 U.S.C. § 2253(c)(1). A district court must first issue a COA. Id. Petitioner is entitled to a COA only if he demonstrates that reasonable jurists would find debatable whether the Court's procedural rulings were correct and whether the § 2254 petition stated "a valid claim of the denial of a constitutional right." Id.; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To make a substantial showing of the denial of a constitutional right, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack*, 529 U.S. at 484, or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Petitioner has failed to make the requisite showing because even if reasonable jurists could debate whether Grounds One through Six are time-barred, Petitioner has not demonstrated that reasonable jurists would find it debatable whether (1) the Court was correct in dismissing Grounds One through Six as procedurally defaulted, Grounds Two through Six as waived by Petitioner's no contest plea, and Grounds Seven through Eleven as moot, and (2) the petition stated a valid claim of the denial of a constitutional right.

Accordingly, it is **ORDERED** that Petitioner's Renewed Application for Certificate of Appealability (Dkt. 60) is **DENIED**. And because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on _APRIL 21st_____, 2015.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record